**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-21157
Summary Calendar

LONNIE J. SANDERS,

Plaintiff-Appellant,

VERSUS

THE CITY OF RICHMOND, TEXAS,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-96-CV-1208)

May 30, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Lonnie J. Sanders ("Sanders") appeals the district court's order granting summary judgment to the City of Richmond, Texas ("the City") on the appellant's claims under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981, in which he asserted that the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

City fired him from his position as a police officer because he is African-American.

Under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), in order to recover on a Title VII or a § 1981 claim, a plaintiff must first establish a *prima facie* case of employment discrimination and then, if the employer articulates legitimate non-discriminatory reasons for the employer's action at issue, the plaintiff must produce evidence sufficient to support an inference that the articulated reasons were a pretext for discrimination. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S. Ct. 2363, 105 L. Ed. 2d 132 (1989). In the context of a summary judgment motion, once the employer articulates legitimate non-discriminatory reasons for the challenged action, the plaintiff must present evidence sufficient to create a reasonable inference of discriminatory intent in order to survive summary judgment. *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 450 (5th Cir. 1996).

Sanders had the burden of producing summary judgment evidence that would support an inference that the City's proffered explanation for his termination was not credible or that discriminatory intent likely motivated the termination. *See Tex. Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S. Ct. 1089, 1095, 67 L. Ed. 2d 207 (1981); *Hall v. Gillman Inc.*, 81 F.3d 35, 37 (5th Cir. 1996). Having reviewed the summary judgment

2

record, we agree that Sanders failed to carry his burden and AFFIRM the district court.